Pleading and practice; cross-motion for summary judgment; when leame to file is required; notice of defense of settlement. — On June 18,1976 the court entered the following order:
Before Davis, Nichols and KttNzig, Judges.
“This renegotiation case comes before this panel of the court on defendant’s Buie 53(c) request for prompt review of an order entered by Senior Trial Judge Mastín G. White, dated March-26, 1976. See the order of May 28, 1976, denying en banc consideration. Certified by the Trial Judge for review under Buie 53(c) (2) (ii) as involving an issue of controlling importance, the order of March 26 allowed a motion filed.by plaintiffs on February 20,1976, and ordered *720 ’ (!) that' defendant’s'cross-motion for summary judgment be' stricken, and (2) that defendant not be permitted to oppose plaintiffs’ motion for summary judgment on the ground that the plaintiffs’ principal claim had been compromised ' and settled by an alleged written offer and acceptance.
“The Trial Judge entertained the opinion that the Government’s cross-motion for summary judgment should' be-stricken for two reasons: (1) although the case had been set for trial, the cross-motion was filed without leave contrary to Eule 101(c), and. (2) such a motion was ‘not appropriate,’ because it raised a dispute as,to.a material fact,, namely, whether the parties had settled their differences out of court on certain aspects'of the case. The theory of the Government’s cross-motion was thatin pre-trial negotiations the parties had concluded a binding, written compromise and settlement on the issue of excessive profits under Section 103' of the Renegotiation. Act of 1951,. as amended, 50 U.S.C. App. § 1213(e) (1970). " ' ' . .
“By leave under Eule 101(c) plaintiffs, were permitted^ and did on February 18, 1976 file a motion for summary judgment asserting first that plaintiffs’ business was not done' under “subcontracts’? as defined by the Act, and second that their profits were not excessive as a matter of law. Under-Rule 14(b) (2) the. reference to the Trial Judge was suspended for purposes of plaintiffs’ motion for summary judgment at the instant the latter motion was filed. Defendant then had' 30 days within which to file its opposition and/or cross-motion, as it saw fit, under Eule 52(b) (1). It is true that Eule 101 (c) states' that leave is required for the filing-of a motion for. summary- judgment by any party after- the case has been set for trial. But to give the rules a practical’ construction, we do not think, that the leave requirement of' Eule 101(c) should apply to a.cross-motion,.where, as in the-case at bar, plaintiffs already have obtained leave and haw filed a motion for summary judgment in the- first instance,, and the defendant is required by Rule 52(b) (1), which says-nothing, about'leave, to respond in 30 days. A contrary construction would require yet another piece- of' pa-per-to* clutter- *721 ' records which already are massive enough especially in re- • negotiation cases. We think that once plaintiffs secured leave to'file their motion for summary judgment, defendant was at liberty, without regard to Rule 101 (c) 5s leave requirement, 'to file its- cross-motion. Indeed, as noted above, it was required to do so by Rule 52. We think the proper interpreta-■tiori of Ride 14(b)-(2) is that as soon as a'dispositive motion ‘is filed the reference to the -Trial Judge is suspended for '-purposes ;of such motion’and also for purposes of any response- thereto, including a cross-motion .for summary judgment. . j
“In light of the court’s special' order of March 17, 1976, assigning to the Senior Trial Judge for ‘consideration and appropriate action’ plaintiffs’ ‘Motion to Prohibit Defendant from Raising, in Cross-Motion for Summary Judgment, ' Contentions Already Disposed of by the Trial Judge,’the Senior Trial Judge did not, of course, err in considering plaintiffs’ motion in this case but we think he was incorrect in suggesting that defendant’s cross-motion was improper -because filed without leave. That motion-was properly filed ■-in the sense that in the circumstances the defendant was not •" required to obtain’-leave in'order to file it.
■ . “On the merits of defendant’s cross-motion, we think that a- response by plaintiffs and oral argument are warranted and therefore we vacate the Trial Judge’s order without at -this stage passing oh the correctness of his position that the defendant’s motion has raised a genuine dispute of material ■ fact or of his position on the coverage of Federal Rule of Evidence No. 408. ■
“it is therefore ordered, upon consideration of defendant’s request for review and the reply thereto, without oral argument, that the -order entered March 26, 1976 by the Trial Judge allowing plaintiff’s motion of.February 20, 1976 should be, and it hereby is vacated and set aside. The Clerk and -the Secretary to.the Court will see that the cross-motions heretofore filed by the parties are calendared for oral argument or submission in due course. We make here no conclusions as to whether the issues raised by the defendant’s, cross-motion can be decided upon the motions.' It may be that when *722 plaintiffs respond to the cross-motion they will be able by affidavit to raise a genuine triable fact issue as to the alleged written offer and acceptance. This is a question, along with the applicability of Federal Rule of Evidence No. 408, which must be reserved for consideration when the motions have matured for decision.
“it is further ordered that defendant need not amend its answer to the petition in order to raise the defense of settlement, as sufficient notice thereof is now provided by its cross-motion and the proceedings heretofore had concerning the defense.”